UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR VISON DONALDSON,

           Petitioner,                           Civil Action No.
                                                     2:19-CV-11763

v.

                                            HON. MARK A. GOLDSMITH

PAT WARREN,

           Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Victor Vison Donaldson, ("Petitioner"), presently confined at the Macomb Correctional

Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his pro se application, petitioner challenges his conviction for second-degree

murder. Mich. Comp. Laws § 750.317.  For the reasons stated below, the petition for writ of habeas

corpus is denied.

**I.  BACKGROUND**

Petitioner was convicted following a jury trial in the Ottawa County Circuit Court.  This

Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are

presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).  See Wagner v. Smith, 581

F.3d 410, 413 (6th Cir. 2009).  The Court of Appeals offered the following facts:

> This case involves a fight between Donaldson and Japaris Rodgers, during which
> Donaldson stabbed Rodgers, and Rodgers died from the resulting injuries.
>
> On the day of the fight, Donaldson attended a festival with a group of friends.
> Donaldson carried a pocket knife and told his friend Jamie Motley-Moten, "If I
> gotta use it, I'll use it, like if somebody messes with me."  While the group was
> walking home, they came across Mario Diaz and Rodgers.  Donaldson did not get
> along with Rodgers or Diaz, and vice versa.  Donaldson tried to walk around and

1

past Rodgers and Diaz. However, Rodgers ran at Donaldson and threw a punch. Motley-Moten testified that Rodgers was unarmed. Motley-Moten further testified that Donaldson then tried to run away and reached to his pocket. But Rodgers followed. So Donaldson turned to face Rodgers, and the fight resumed. Rodgers then grunted, backed away from Donaldson, and fell to the ground. Rodgers sustained lacerations on his chest and arm. Motley-Moten testified that Donaldson yelled "You mess with me, you die" and fled the scene. A hospital later pronounced Rodgers dead. Dr. David Start performed an autopsy and determined that a stab wound to the heart caused Rodgers' death.

At trial, Donaldson argued that he acted in self-defense. Donaldson moved for a directed verdict at the close of the prosecution's case. The trial court denied the motion. The jury found Donaldson guilty of second-degree murder.

After the verdict, the trial court's law clerk found an internet article printout about self-defense inside a jury notebook. The printout appeared to be printed during the multi-day trial. The trial court held an evidentiary hearing to determine whether the printout could have affected the verdict. One juror admitted to doing computer research about self-defense. However, he denied discussing his research with any other juror, denied printing the article, and testified that he was an alternate juror, which meant that he did not participate in deliberations. All other jurors denied doing computer research, denied being aware of another juror doing computer research, denied having seen the printout, and denied discussing, considering, or applying a definition of self-defense other than the definition given by the trial court.

Donaldson moved for new trial, arguing that he was entitled to a new trial because: (1) the trial court should have granted his motion for a directed verdict because the guilty verdict was against the great weight of the evidence, and (2) at least one juror doing their own research and bringing that research into the courtroom deprived him of his right to a fair and impartial jury. The trial court denied Donaldson's motion.

People v. Donaldson, No. 333752, 2017 WL 4077978, at * 1 (Mich. Ct. App. Sept. 14, 2017), lv. den., 909 N.W.2d 830 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Donaldson's conviction must be reversed because the jury's verdict is against the great weight of the evidence; it would be a denial of due process and a miscarriage of justice to allow his conviction to stand where he acted in lawful self-defense.

II. Mr. Donaldson's right to due process and a fair trial were violated when at least one juror conducted online research about self-defense, brought extraneous materials about self-defense into the jury room, and lied under oath about doing so. Mr. Donaldson's conviction must be set aside.

Pet. at PageID.5, 7 (Dkt. 1).

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if

the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405 (2000).  An "unreasonable

application" occurs when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case."  Id. at 408-409.  A federal habeas court may not "issue

the writ simply because that court concludes in its independent judgment that the relevant state-

court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664

(2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the

state court's contrary conclusion was unreasonable."  Id. at 102 (citing Lockyer v. Andrade, 538

U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what

arguments or theories supported or . . . could have supported, the state court's decision; and then

it must ask whether it is possible fairminded jurists could disagree that those arguments or theories

are inconsistent with the holding in a prior decision" of the Supreme Court.  Id.  To obtain habeas

relief in federal court, a state prisoner is required to show that the state court's rejection of his or

her claim "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 103.

### III. DISCUSSION

#### A. The "Great Weight of the Evidence" Claim.

Petitioner argues that he is entitled to habeas relief because the guilty verdict went against

the great weight of the evidence that petitioner acted in self-defense when he stabbed the victim.

A federal habeas court has no power to grant habeas relief on the ground that a state

conviction is against the great weight of the evidence.  See Cukaj v. Warren, 305 F. Supp. 2d 789,

796 (E.D. Mich. 2004); Dell v. Straub, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); see also Nash

v. Eberlin, 258 F. App'x 761, 764, n.4 (6th Cir. 2007) ("a manifest-weight-of-the-evidence

argument is a state-law argument"); Artis v. Collins, 14 F. App'x 387 (6th Cir. 2001) (declining

to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the

manifest weight of the evidence).  A claim that a verdict went against the great weight of the

evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so

devoid of evidentiary support that a due process issue is raised.  See Cukaj, 305 F. Supp. 2d at 796;

Crenshaw v. Renico, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003).  The test for habeas relief is not

whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. Dell, 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. Id. Other circuit courts have held that a claim that the jury verdict in a state criminal trial went against the great weight of the evidence is non-cognizable on federal habeas review. See McKinnon v. Superintendent, Great Meadow Correctional Facility, 422 F. App'x 69, 75 (2d Cir. 2011); Young v. Kemp, 760 F. 2d 1097, 1105 (11th Cir. 1985). Because the Supreme Court has never recognized a state prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence, petitioner's contention concerning the weight of the evidence fails to state a cognizable federal claim. Walker v. Curtin, No. 1:10–cv–1267; 2011 WL 285152, * 3 (W.D. Mich. Jan. 5, 2011).

To the extent that petitioner argues that the prosecution failed to disprove his self-defense claim, he is also not entitled to habeas relief because any such claim is non-cognizable on habeas review. Under Michigan law, self-defense is an affirmative defense. See People v. Dupree, 788 N.W.2d 399, 405 (Mich. 2010). "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the crime.'" People v. Reese, 815 N.W.2d 85, 101 n.76 (Mich. 2012) (quoting Dupree, 788 N.W.2d at 399 n.11). Although under Michigan law the prosecutor is required to disprove a claim of self-defense or defense of others, see People v. Watts, 232 N.W.2d 396, 398 (Mich. App. 1975), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required . . . ." See Smith v. United States, 568 U.S. 106, 110 (2013) (quoting Patterson v. New York, 432 U.S. 197, 210 (1977)). The Supreme Court and the Court of Appeals for the Sixth Circuit have both rejected the contention that the Constitution requires the prosecution to disprove self-defense beyond a

5

reasonable doubt.  See Gilmore v. Taylor, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting)

("In those States in which self-defense is an affirmative defense to murder, the Constitution does

not require that the prosecution disprove self-defense beyond a reasonable doubt"); Martin v. Ohio,

480 U.S. 228, 233-36 (1987); see also Allen v. Redman, 858 F.2d 1194, 1197 (6th Cir. 1988)

(explaining that habeas review of sufficiency of the evidence claims is limited to elements of the

crimes as defined by state law).  Therefore, "'the due process "sufficient evidence" guarantee does

not implicate affirmative defenses, because proof supportive of an affirmative defense cannot

detract from proof beyond a reasonable doubt that the accused had committed the requisite

elements of the crime.'"  Richardson v. Lebanon, 384 Fed. App'x 479 (6th Cir. July 2, 2010)

(quoting Caldwell v. Russell, 181 F.3d 731, 740 (6th Cir. 1999)).  Petitioner's claim that the

prosecutor failed to disprove his affirmative defense of self-defense is non-cognizable on habeas

review.  Id.; Allen, 858 F.2d at 1196-1198.  Petitioner is not entitled to habeas relief on his first

claim.

### B.  The Juror Misconduct/Extraneous Influence Claim.

Petitioner next contends that his right to an impartial jury was violated when one of the

jurors did online research on the issue of self-defense and brought that research to court.  The

Michigan Court of Appeals rejected the claim:

> In this case, the trial court did not abuse its discretion in denying Donaldson's
> motion for a new trial.  The trial court held an evidentiary hearing to determine
> whether the printout of an internet article about self-defense could have affected
> the jury verdict.  Every deliberating juror testified that they did not conduct internet
> research, were not aware of any juror who did their own computer research, and
> that they had not seen the article before the evidentiary hearing.  The only juror
> who admitted to doing his own computer research regarding self-defense was an
> alternate who was not involved in deliberations.  The trial court found the jurors'
> testimony to be credible, and "[w]e defer to the trial court's credibility
> determinations."  Therefore, Donaldson failed to meet his burden to prove that any
> deliberating juror was exposed to an outside definition of self-defense.
> Accordingly, Donaldson also failed to prove that the jury's exposure to the article

prejudiced him or created a real and substantial possibility that the exposure could have affected the verdict because he failed to prove that any exposure had a direct connection to the verdict. Further, all deliberating jurors testified that they only discussed and applied the legal definition of self-defense given by the trial court. Therefore, the trial court's finding that "all jurors applied the law of self-defense as given by the court" is not clearly erroneous. Accordingly, Donaldson failed to meet his burden to prove that the jury acted impartially, and the trial court's denial of his motion for a new trial was not outside the range of reasonable and principled outcomes.

Donaldson, 2017 WL 4077978, at * 4 (internal citation and footnote omitted).

Michigan courts and the Sixth Circuit align in holding that a jury's use of an outside source to define a relevant legal term is error, but not prejudicial per se. People v. Messenger, 561 N.W.2d 463, 466 (Mich. Ct. App. 1997) (citing U.S. v. Gillespie, 61 F.3d 457 (6th Cir. 1995)). Since the trial judge is in the best position to determine the nature and extent of alleged jury misconduct, that judge's decision on the scope of proceedings necessary to discover misconduct is reviewed only for an abuse of discretion. United States v. Rigsby, 45 F.3d 120, 125 (6th Cir. 1995).

In a habeas corpus case, a state court's findings on whether, and how, an extraneous matter affected jury deliberations, deserve a high measure of deference. Mahoney v. Vondergritt, 938 F.2d 1490, 1492 (1st Cir. 1991) (citing Rushen v. Spain, 464 U.S. 114, 120 (1983)). A state trial court's finding on the impartiality of a juror or a jury is a factual finding that is presumed correct under § 2254 unless a habeas petitioner can prove otherwise by convincing evidence. Gall v. Parker, 231 F.3d 265, 334 (6th Cir. 2000); see also Young v. Trombley, 435 Fed. App'x 499, 505 (6th Cir. 2011) (reaffirming this holding of Gall). The standard of review on habeas does not permit a court to substitute its view of possible juror bias for the state court's view; a habeas court may only overturn the state court's findings of juror impartiality if those findings were manifestly erroneous. See DeLisle v Rivers, 161 F.3d 370, 382 (6th Cir. 1998). As a general rule, a habeas petitioner is not entitled to habeas relief if the jurors affirm that they were able to put aside the

extraneous information and render a verdict based on the evidence presented in court.  Williams v. Bagley, 380 F.3d 932, 945 (6th Cir. 2004).

The Michigan Court of Appeals reasonably rejected petitioner's juror misconduct claim. The judge conducted a post-trial evidentiary hearing and questioned the jurors.  All twelve of the jurors who actually deliberated over petitioner's case testified that they had not conducted online research, were unaware that any juror had conducted online research, and had not seen the online article about self-defense before the post-trial hearing.  The jurors testified that they relied solely on the judge's instruction on self-defense in reaching their verdict.  The only juror who admitted to doing the online research was an alternate juror who did not participate in the deliberations. This juror stated that he did not share this research with the other jurors.

The judge found these jurors to be credible.  The trial judge's findings regarding the deliberating jurors' non-exposure to the extraneous information and the alternate juror's testimony that he did not share his research with the other jurors are findings of fact which are presumptively correct unless rebutted by clear and convincing evidence.  Petitioner has failed to offer any evidence to rebut the judge's factual findings.

Petitioner failed to show that extraneous information was considered by the jury during deliberations, in light of the fact that none of the jurors who actually deliberated in this case saw the online research document prepared by an alternate juror, who neither participated in deliberations, nor shared his research with the other jurors.  See United States v. Lopez-Martinez, 543 F.3d 509, 519 (9th Cir. 2008).  Petitioner failed to show that this online research effected the jurors' verdict.  Petitioner is not entitled to habeas relief on his second claim.

## IV.  CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  Id.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; see also Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Having considered the matter, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to any of his claims. Accordingly, a certificate of appealability is not warranted in this case.  See Strayhorn, 718 F. Supp. 2d at 852.  However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal.  See Foster v. Ludwick, 208 F. Supp. 2d 750, 764-765 (E.D. Mich. 2002).

## V. CONCLUSION

The petition for writ of habeas corpus is denied.  A certificate of appealability is denied.

Petitioner is granted leave to appeal in forma pauperis.


SO ORDERED


Dated:  November 5, 2020                          s/Mark A. Goldsmith
      Detroit, Michigan                             MARK A. GOLDSMITH
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2020.

                                        s/Karri Sandusky
                                        Case Manager